

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**Pedro RUBALCAVA-Mora,** )<br>)<br>Defendant. )<br>_____ ) | '08 MJ 1793<br><br>Magistrate Case No._____<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation (Felony) |

The undersigned complainant being duly sworn states:

On or about June 8, 2008, within the Southern District of California, defendant **Pedro RUBALCAVA-Mora**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
And Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS **9th** DAY OF **JUNE 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On June 8, 2008, at approximately 0248 hours, a male individual identified as **Pedro RUBALCAVA-Mora (Defendant),** applied for admission to the United States from Mexico at the San Ysidro Port of Entry as the driver of a Toyota Camry bearing California license plates. Defendant presented a Form I-551 Permanent Resident Card bearing the name Jesus R. Beltran-Marquez to a CBP Officer. The CBP Officer suspected Defendant was an impostor to the document presented and escorted the vehicle and Defendant to secondary for further inspection.

In secondary, Defendant was queried by fingerprint and photograph submission through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which confirmed Defendant's identity and criminal history.

Further queries through the Central Index System (CIS) and the Deportable Alien Control System (DACS) identified Defendant to be a citizen of Mexico without legal documents or entitlements to enter the United States. DACS further revealed Defendant was ordered removed from the United States by an Immigration Judge on or about August 29, 2005. CBP records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to legally re-enter the United States.

Defendant was advised of his Miranda rights and elcteted to answer questions without the benefit of counsel. Defendant admitted he is a citizen of Mexico without legal documents or entitlements to enter the United States. Defendant admitted to having been previously deported to Mexico by an Immigration Judge. Defendant admitted he requires permission to legally enter the United States after having been deported by an Immigration Judge. Defendant admitted he has not received permission from the Attorney General or the Secretary of Homeland Security to re-enter the United States. Defendant admitted he intended to travel to Fontana, California to reunite with his mother.